IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSHUA LEE VINSON SR,

                Plaintiff,

    v.                                              OPINION and ORDER

CRAIG J KLEPEL, CITY OF RACINE,                   20-cv-1033-wmc[1]
and RACINE COUNTY,

                Defendants.

---

Pro se plaintiff Joshua Lee Vinson, Sr., is incarcerated at Columbia Correctional Institution. He contends that police officer Craig Klepel violated his constitutional and state-law rights by stopping and searching his vehicle and arresting him without legal basis. Vinson seeks leave to proceed in forma pauperis, and he has made an initial partial payment of the filing fee.[2]

The next step is for me to screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915, 1915A. In doing so, I must accept the allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I conclude that this case must be dismissed.

---

[1] I am exercising jurisdiction over this case for purposes of screening only.

[2] Vinson has also filed two motions asking the court to screen his complaint, Dkt. 12, 14, which I will deny as moot.

ALLEGATIONS OF FACT

On June 12, 2017, Racine police officer Klepel parked outside Vinson's home in an unmarked police car and ran Vinson's vehicle plates. Klepel saw Vinson leaving his home in his vehicle at around 11:00 a.m., followed Vinson, and initiated a traffic stop. Klepel, in plain clothes, pulled Vinson out of the vehicle, and he handcuffed and searched Vinson without ever identifying himself as a police officer. Klepel then called Vinson a racial slur, stating that he would "teach" Vinson "about messing with our white women!" and "aggressively" walked Vinson to and pushed Vinson down on the curb. Dkt. 1 at 4. After Klepel had searched Vinson's vehicle for 15 minutes, Klepel retrieved a "baggy" from his police vehicle, went back to Vinson's vehicle and stated, "Look what I just found; you['re] going down for a long time." *Id.* Klepel took Vinson's two cell phones from Vinson's vehicle and brought Vinson to Racine County Jail. Vinson says Klepel had no reason to stop and search his vehicle, no warrant, never read him his rights, or explained why he had been stopped or arrested.

Vinson says that he suffered "assaults and batteries" including arrest and handcuffing by Klepel, and imprisonment, strip searches, fingerprinting, booking procedures, and "harassment" at the jail. *Id.* at 6. Publicly available state court records show that the day after his arrest, Vinson was charged in Racine County Circuit Court Case No. 2017CF790 with two felonies and a misdemeanor and made his initial appearance, where probable cause was found.[3] Vinson later pleaded no contest to one count of felony possession of narcotic drugs in that case.

---

[3] Wisconsin circuit court case information is publicly available online through the Wisconsin Circuit Court Access program, https://wcca.wicourts.gov.

ANALYSIS

Vinson contends that Klepel had no legal basis to stop, search, or arrest him, and he seeks to hold Klepel liable for unlawful arrest, false imprisonment, assault and battery, theft of his cell phones, stalking, a "hate crime," and manufacturing false evidence. Vinson seeks monetary damages, Klepel's arrest, to have his conviction vacated, and for the Racine Police Department to institute reforms to reduce racism. But I cannot vacate Vinson's state court conviction in this civil rights lawsuit or order Klepel's arrest and prosecution for a hate crime or other criminal offenses such as theft or stalking. *See* Wis. Stat. §§ 939.645 (hate crime penalty enhancer), 943.20 (theft), 940.32 (stalking). As a private citizen, Vinson is not entitled to an order requiring the arrest or prosecution of any individual. *Del Marcell v. Brown Cnty. Corp.*, 680 F.3d 887, 901–02 (7th Cir. 2012) (Easterbrook, C.J., concurring); *see also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

Vinson may proceed on well-pleaded civil rights claims that would not undermine his conviction if successful. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). But to challenge the fact or duration of his confinement in federal court, which Vinson appears to be doing, Vinson will have to bring his claims in a habeas corpus proceeding after exhausting his state-court remedies. *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (a prisoner in state custody challenging the fact or duration of his confinement must seek federal habeas or appropriate state court relief.). Before Vinson can recover damages for an "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," he must prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such

determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Heck*, 512 U.S. at 486–87. This rule applies even if a plaintiff has been released from custody and habeas relief is unavailable. *Savory v. Cannon*, 947 F.3d 409, 430 (7th Cir. 2020).

Vinson's allegations about his arrest implicate the Fourth Amendment, which protects people from "unreasonable searches and seizures." U.S. Const. amend. IV; *see Lewis v. City of Chicago*, 914 F.3d 472, 479–80 (7th Cir. 2019) (wrongful pretrial detention claims based on fabricated evidence or some other defect "sound in the Fourth Amendment"). In general, unlawful search and wrongful arrest claims are not barred under *Heck* because "misconduct by the police does not (at least, need not) imply the invalidity of any particular conviction." *Moore v. Burge*, 771 F.3d 444, 446 (7th Cir. 2014). But here, Vinson contends that he was arrested, prosecuted, and convicted based on the drug evidence Klepel planted in his vehicle. The Seventh Circuit has explained that *Heck* applies to such a claim because it cannot be reconciled with a valid conviction. *See Wiley v. City of Chicago*, 361 F.3d 994, 997 (7th Cir. 2004) (*Heck* would bar a claim that plaintiff was arrested and prosecuted solely on the drugs police officers had allegedly planted on plaintiff's person). Vinson's *Heck*-barred claim must be dismissed, though without prejudice. *See Morgan v. Schott*, 914 F.3d 1115, 1122 (7th Cir. 2019).

Nor may Vinson proceed against Klepel on his claim that Klepel failed to take him "before a proper judge or court" after his arrest, leading to Vinson's "false imprisonment." Dkt. 1 at 6. Although the Fourth Amendment "requires every State to provide prompt determinations of probable cause," it "does not compel an immediate determination of probable cause upon completing the administrative steps incident to arrest." *County of Riverside v. McLaughlin*, 500 U.S. 44, 53–54 (1991). Vinson was charged and made his initial appearance

within a day, which meets promptness requirements. *See id.* at 56 (a probable cause determination made within 48 hours of a warrantless arrest will as a general matter comply with promptness requirement).

I will not allow Vinson to proceed against the City of Racine or Racine County either. The complaint contains no allegations against the county, and Vinson's allegation that the city's "custom, and policies, and procedures" caused his injuries is too conclusory and vague to state a municipal liability claim against that entity.

Vinson's allegations of "assaults and batteries" and false imprisonment implicate state law. *Id.* at 6; *see* Wis. JI-Civil 2004 (assault); Wis. JI-Civil 2005 (battery); *Herbst v. Wuennenberg*, 83 Wis. 2d 768, 774–75, 266 N.W.2d 391 (1978) (tort of false imprisonment). I will decline to exercise jurisdiction over Vinson's state-law claims and dismiss them without prejudice because Vinson is not proceeding on any federal claim. *See* 28 U.S.C. § 1367(c)(3) (a district court may decline to exercise supplemental jurisdiction over a state-law claim if "it has dismissed all claims over which it has original jurisdiction."). Vinson may refile these claims in state court, subject to any applicable statute of limitations.

The court of appeals has cautioned against dismissing a pro se plaintiff's case without giving the plaintiff a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). But in this case, I see no allegations suggesting that Vinson could amend his complaint to state a plausible theory for relief. So, I will dismiss this case.

ORDER

IT IS ORDERED that:

1. Plaintiff Joshua Lee Vinson, Sr. is DENIED leave to proceed, and this case is DISMISSED. Plaintiff's *Heck*-barred unlawful arrest claim and his state-law claims are DISMISSED without prejudice. Plaintiff's remaining claims are DISMISSED with prejudice for failure to state a claim.

2. Plaintiff's motions to screen the complaint, Dkt. 12, 14, are DENIED as moot.

3. The clerk of court is directed to enter judgement for defendants and to close this case.

Entered February 3, 2023.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge